IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEWIS WILEY,   No. CIV S-05-1683-GEB-CMK-P

    Petitioner,

  vs.   FINDINGS AND RECOMMENDATIONS

D.L. OLLISON, Warden,

    Respondent.

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 14), filed on May 2, 2006.

        In his motion, respondent argues that the instant petition should be dismissed as untimely. Specifically, respondent argues that the limitation period set forth in 28 U.S.C. § 2244(d) expired in 1999 – six years before this petition was filed. Under § 2244(d), petitioner was required to file his federal petition within one year of his state conviction becoming final. In this case, petitioner states in the amended petition that his conviction and sentence were affirmed by the California Court of Appeal on June 29, 1998. Petitioner did not seek review by the

1   California Supreme Court or file any state post-conviction proceedings.  Under California Law,
2   petitioner's conviction became final upon the expiration of the time to seek review by the
3   California Supreme Court of the June 29, 1998, decision.  See Smith v. Duncan, 297 F.3d 809
4   (9th Cir 2002).  That time expired on August 9, 1998.  Because the instant petition was not filed
5   until August 22, 2005 – well more than one year after August 9, 1998 – the court must agree
6   with respondent that the petition is untimely under 28 U.S.C. § 2244(d).

Based on the foregoing, the undersigned recommends that:

    1.    Respondent's motion to dismiss be granted;

    2.    This petition be dismissed as untimely; and

    3.    The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 25, 2006.

                  /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE